**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2093-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

YASIN Y. KNIGHT, a/k/a
DANIEL FAISON, DANNY
KNIGHT and DAVID COSBY,

    Defendant-Appellant.

_____

Argued telephonically April 20, 2020 –
Decided July 7, 2020

Before Judges Ostrer, Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-11-3025.

Margaret Ruth McLane, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Margaret Ruth McLane, of counsel and on the brief).

Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent

(Jill S. Mayer, Acting Camden County Prosecutor, attorney; Jason Magid, of counsel and on the brief).

PER CURIAM

After the trial court denied defendant Yasin Y. Knight's motion to dismiss the indictment against him, he entered a conditional guilty plea to the second-degree charge that he was a leader of an organized retail theft enterprise ("leader charge"), N.J.S.A. 2C:20-11.2. Consistent with the plea agreement, the State dismissed the balance of the indictment and the court sentenced defendant to a five-and-a-half-year term of imprisonment, with a two-and-a-half-year parole disqualifier.

On appeal, defendant contends:

> POINT I
>
> THE LEADER OF A THEFT ENTERPRISE COUNT MUST BE DISMISSED BECAUSE DEFENDANT DID NOT CONSPIRE WITH MORE THAN ONE OTHER PERSON.
>
> POINT II
>
> THE LEADER OF A THEFT ENTERPRISE COUNT MUST BE DISMISSED BECAUSE THE STATE WITHHELD EXCULPATORY EVIDENCE FROM THE GRAND JURY.
>
> POINT III

A-2093-18T4

THE RECEIVING STOLEN PROPERTY CHARGES
MUST BE DISMISSED BECAUSE THE ITEMS
WERE NOT ACTUALLY STOLEN.

We have reviewed these arguments in light of the record and applicable legal principles and conclude they lack merit.

I.

New Jersey State Police Detective Joseph Castle testified before the grand jury that in May 2017, he began investigating a retail theft ring operating in southern New Jersey. An informant advised him that defendant employed her and others to shoplift items from local grocery stores. Defendant then sold the shoplifted items at various bodegas in Camden. The informant said defendant knew the bodega owners, and directed her and others to steal specific items the owners needed, such as diapers, baby wipes, baby formula, and detergent.

To prepare for an undercover operation, Detective Castle met with the loss prevention personnel at the stores the informant said defendant liked to target, including particular supermarkets in Cherry Hill, Logan, and Pittsgrove Townships. The stores arranged for the informant to take preselected items. The informant also agreed to wear a recording device to capture her conversations with defendant.

A-2093-18T4

Detective Castle testified that on June 28, July 7, July 11, and August 1, the informant and defendant drove to multiple grocery stores. The detective observed the informant enter the stores and exit with the preselected items while defendant remained in the car. Defendant then directed the informant to drive to various bodegas in Camden. Detective Castle observed defendant showing the items to the bodega owners in the parking lot, entering the bodegas with those items, and emerging with nothing in his hands. Defendant later split the profits with the informant. She gave Detective Castle her share of the profits. Detective Castle also observed the informant and defendant purchase what was believed to be heroin.

The grand jury returned a fourteen-count indictment. In addition to the leader charge, the indictment alleged multiple counts of second- and third-degree shoplifting and conspiracy to shoplift, N.J.S.A. 2C:20-11(b)(1), -11(c)(1), -11(c)(2), N.J.S.A. 2C:5-2; third- and fourth-degree receiving stolen property, N.J.S.A. 2C:20-7(a); third-degree fencing and conspiracy to commit fencing, N.J.S.A. 2C:20-7.1(b), N.J.S.A. 2C:5-2; and third-degree heroin possession, N.J.SA. 2C:35-10(a)(1).

Defendant moved to dismiss the indictment in its entirety. He contended the State withheld exculpatory evidence from the grand jury and misrepresented

A-2093-18T4

the relationship between the informant and defendant. Defendant highlighted text messages, not presented to the grand jury, in which the informant proposed to defendant that they steal items for resale, rather than the other way around. He also argued that the State failed to prove he conspired with another person or persons as the enterprise and conspiracy statutes required. He reasoned the informant was not a real conspirator, as she was already working for the police, and the police did not identify the other persons aside from the informant, whom defendant employed in the scheme.

The trial court denied the motion to dismiss the indictment. It found the text messages between the informant and defendant were not clearly exculpatory to require their disclosure to the grand jury. The court also held that a confidential informant could be counted as a co-conspirator, and the State was not required to disclose the other persons whom defendant employed. Furthermore, the court found the State did not misrepresent the informant's role, because the detective repeatedly described her accurately as an informant or a confidential source. The court rejected defendant's argument that the possession of heroin charge should be dismissed.

II.

5

An indictment should be dismissed "only on the 'clearest and plainest ground[,]'" State v. Perry, 124 N.J. 128, 168 (1991) (quoting State v. New Jersey Trade Waste Assoc., 96 N.J. 8, 18-19 (1984)), and "only when the indictment is manifestly deficient or palpably defective[,]" State v. Hogan, 144 N.J. 216, 229 (1996). "Although an abuse of discretion standard generally governs our review of a trial court's decision on a motion to dismiss an indictment, we review de novo a decision that 'relies on a purely legal question . . . .'" State v. Shaw, 455 N.J. Super. 471, 481 (App. Div. 2018) (quoting State v. Twiggs, 233 N.J. 513, 532 (2018)), aff'd, ___ N.J. ___ (2020).

Regarding the leader charge, defendant contends that, as a matter of law, the State was required to demonstrate that defendant conspired with more than one person; and, as a matter of fact, the State did not present evidence to the grand jury that two or more persons were involved.

To support the legal argument, defendant relies on the statement in N.J.S.A. 2C:20-11.2 that "[a] person is a leader of an organized retail theft enterprise if he [or she] conspires with others as an organizer, supervisor, financier or manager, to engage for profit in a scheme or conduct to effectuate the transfer or sale of shoplifted merchandise." N.J.S.A. 2C:20-11.2 (emphasis added). He contends use of the word "others," as opposed to "another," plainly

indicates that more than one co-conspirator is required. He relies on the Court's interpretation that the use of "others" in a prior version of the drug kingpin statute required involvement of two or more persons. See State v. Afanador, 134 N.J. 162, 173 (1993). On the other hand, as the State highlights, an "[o]rganized retail theft enterprise" is defined as "any association of two or more persons who engage in the conduct of or are associated for the purpose of effectuating the transfer or sale of shoplifted merchandise." N.J.S.A. 2C:20-11(a)(11).

We need not resolve this legal issue, because we are satisfied that the State presented sufficient factual evidence to the grand jury that the informant was not the only person who conspired with defendant.[1] At the outset of his presentation, Detective Castle testified that the informant advised him that defendant "would employ her and other individuals in a scheme to shoplift items from local grocery stores." Defendant cites no authority for the proposition that the State was required to identify those other persons who shoplifted for defendant. In any event, Detective Castle described in some detail defendant's

---

[1] Defendant has abandoned the argument that the informant should not be counted because she was cooperating with the police. See e.g., State v. Roldan, 314 N.J. Super 173 (App. Div. 1998) (stating that "'undercover agents can be conspirators for the purpose of proving that a conspiracy existed'") (quoting State v. Conway, 193 N.J. Super. 133, 159-60 (App. Div. 1984)).

interactions with multiple persons at the bodegas to whom he repeatedly sold the stolen goods. The State thereby presented circumstantial evidence that he conspired with those persons "to engage for profit in a scheme or course of conduct to effectuate the transfer or sale of shoplifted merchandise." N.J.S.A. 2C:20-11.2.

We also reject defendant's argument that the State was obliged to present, as exculpatory evidence, text messages from the informant to defendant. For example, in one text, the informant stated, "Haven't worked in so long I'm so broke! I know a sweet spot to do a job but I need ur help. U game?" We are unpersuaded that these text messages negated defendant's guilt and were clearly exculpatory, so as to require their presentation.

Our Court has imposed upon prosecutors a "limited duty" to present evidence to the grand jury favorable to the defendant; the duty "is triggered only in the rare case in which the prosecutor is informed of evidence that both directly negates the guilt of the accused and is clearly exculpatory." Hogan, 144 N.J. at 237. To negate guilt, the evidence must "squarely refute[] an element of the crime in question." Ibid. Assessing whether evidence is "clearly exculpatory" requires analysis "of the nature and source of the evidence, and the strength of the State's case." Ibid.

The informant's texts do not meet that standard. Just because the informant may have proposed criminal activity does not negate all the times defendant proposed criminal activity to the informant, or his other actions that demonstrated that he was the leader and manager of the enterprise. According to the evidence presented to the grand jury, he decided what to steal, when to steal it, where to sell it, and how much to sell it for, and he negotiated those sales. The informant's texts did not clearly exculpate defendant. Rather, they demonstrated that he and the informant were co-conspirators.[2]

Lastly, defendant raises two arguments that he never made before the trial court. He argues the State failed to define a material element of the enterprise statute for the grand jurors, i.e., that defendant acted as an "organizer, supervisor, financier or manager." See N.J.S.A. 2C:20-11.2. He also argues counts seven through ten of the indictment charging him with receiving stolen property under N.J.S.A. 2C:20-7(a) should have been dismissed because the items the informant took from the stores were not actually stolen.

We shall not consider these arguments for two reasons. First, we generally will "decline to consider questions or issues not properly presented to the trial

---

[2] Although not presented to the grand jury, we also note police reports, included in defendant's appendix on appeal, which indicate that some of the informant's texts to defendant were prompted by Detective Castle.

court when an opportunity for such a presentation is available." State v. Robinson, 200 N.J. 1, 20 (2009) (citation omitted). Second, defendant only reserved "the right to appeal from the adverse determination" of the trial court. R. 3:9-3(f). As defendant did not present these arguments for the trial court's determination, he may not raise them now after pleading guilty.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2093-18T4